United States District Court
Southern District of Texas
ENTERED
August 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CECILIA JOHANNA ICABALZETA AGUIRRE *on behalf of* JORGE LUIS DELGADILLO ICABALZETA | § § § § | |
| VS. | § § | CIVIL ACTION NO. 5:26-cv-378 |
| WARDEN WEBB COUNTY DETENTION CENTER FACILITY *et al.* | § § | |

# ORDER

Cecilia Johanna Icabalzeta Aguirre initiated this habeas proceeding, allegedly on behalf of her son, Jorge Luis Delgadillo Icabalzeta (*see* Dkt. No. 1). Because Cecilia has not satisfied his burden to clearly justify next friend status, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

## I. BACKGROUND

Cecilia purports that next friend status is warranted because of Jorge's ongoing detention (*see generally* Dkt. No. 4). According to her declaration, Cecilia is Jorge's mother (Dkt. No. 4 at 1). The Court is unconvinced that next friend status is appropriate.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*,

570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction. *Id.* (citing *Weber*, 570 F.2d at 514).

## III. DISCUSSION

Next friend standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather, it is a *rare* designation premised on incapacity, such as mental incompetence or true inaccessibility to the courts. *Id.* at 163–64; *see also Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) ("'[N]ext friend' habeas petitions are rare."). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (citations omitted). Cecilia does not rise to the occasion.

For starters, Jorge's "detention as a general matter cannot be used to satisfy the 'adequate explanation' requirement. Every habeas corpus action necessarily involves a petitioner who is 'in custody.'" *Ceballo Garcia v. Warden of Diamondback Corr. Facility*, No. CIV-26-710-PRW, 2026 WL 1165187, at *2 (W.D. Okla. Apr. 29, 2026); *see also Mesias v. Garland*, No. 3:26CV86 (DJN), 2026 WL 383795, at *1 (E.D. Va. Feb. 11, 2026) ("The simple fact that Petitioner is detained is insufficient to show that Petitioner cannot appear on his own behalf to prosecute the action."). Likewise, the "[i]nability to speak, read, or write in English is not typically considered an incurable bar to participation in legal proceedings. For instance, non-English-speaking criminal defendants participate in legal proceedings with the aid of translation." *Ceballo Garcia*, 2026 WL 1165187, at *2 ; *see also Tooke v. Noem*, No. 7:26-CV-38–WLS, 2026 WL 561047, at *1 (M.D. Ga. Feb. 27, 2026) (finding language hurdles insignificant in a next friend analysis as "most immigrants in detention likely face language . . . barriers").

Nor is the Court persuaded that Jorge's apparent inaccessibility to legal resources is an adequate reason. Limited access to legal drafting does not equate to inaccessibility to the courts—particularly because the Administrative Office of the United States Courts provides a form habeas petition to federal detainees. *Ramirez v. Garland*, No. 3:25-CV-3300-S-BW, 2026 WL 599036, at *1 (N.D. Tex. Feb. 2, 2026) (noting that a habeas petitioner may file the appropriate form), *report and recommendation adopted*, No. 3:25-CV-3300-S-BW, 2026 WL 597849 (N.D. Tex. Mar. 3, 2026). This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Real Party in Interest] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at *1 (M.D. Fla. Feb. 5, 2026); *see also Torres v. Warden, Baker Cnty. Corr. Facility*, No. 3:26-CV-311-MMH-SJH, 2026 WL 467260, at *1 (M.D. Fla. Feb. 19, 2026) ("Indeed, many pro se petitioners in immigration custody face the same conditions as [Real Party in Interest] and have litigated their cases on their own.").

Finally, Cecilia cannot use next friend status as a guise to engage in the unauthorized practice of law. *Weber*, 570 F.3d at 513–14; *see also Gonzales v. Sheriff of Hays Cnty.*, No. 1:26-CV-205-RP, 2026 WL 1195855, at *2 (W.D. Tex. Apr. 30, 2026) (collecting cases). It is important to note that "a next friend may not litigate the case beyond filing the petition." *Jiminez Leon v. Warden of Diamondback Corr. Facility*, No. CIV-26-137-PRW, 2026 WL 1034406, at *3 (W.D. Okla. Apr. 16, 2026).

Because Cecilia fails to show that she may proceed as Jorge's next friend,[1] the Court lacks jurisdiction to consider the § 2241 petition. *Burruss*, 2023 WL 319955, at *4;

[1] Given the rise of next friend filings, the Undersigned added a notice to her website to provide litigants further information about the next friend standard. United States District Judge Marina Garcia Marmolejo, U.S. DIST. CT. & BANKR. CT., S. DIST. OF TEX., https://www.txs.uscourts.gov/content/united-states-district-judge-marina-garcia-marmolejo (click

*Wiley v. Texas*, No. 3:25-CV-922-D-BW, 2025 WL 1829835, at *2 (N.D. Tex. June 24, 2025), *report and recommendation adopted*, No. 3:25-CV-0922-D, 2025 WL 1828716 (N.D. Tex. July 2, 2025).

## IV. CONCLUSION

Accordingly, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. Petitioner's Motions to Stay Removal and Emergency Status Update and Protective Notice are **DENIED AS MOOT** (Dkt. Nos. 2, 3, 15).

The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action. Additionally, the Clerk of Court is **DIRECTED** to **SERVE** a copy of this Order via any receipted means to:

Cecilia Johanna Icabalzeta Aguirre
2031 NW 96th Terrace, Apt. 11L
Pembroke Pines, Florida 33024

Jorge Luis Delgadillo Icabalzeta
A-Number: 213-554-266
Webb County Detention Center
9998 S. Highway 83
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** August 12, 2026.

Marina Garcia Marmolejo
United States District Judge

Notice Regarding Next Friend Filings). Petitioner may consult it should they consider re-filing a habeas petition in this Court.